15516

PULLIAM v. BOARD OF POLICE COMMISSIONERS OF POLICE
INSURANCE AND ANNUITY FUND OF STATE OF
SOUTH CAROLINA

(24 S. E. (2d), 745)

October, 1942.

*Mr. John W. Crews* and *Mr. Heyward Brockinton,* both of Columbia, Counsel for Appellants,

*Mr. W. H. Nicholson* and *Mr. Perrin Anderson,* both of Greenwood, Counsel for Respondent,

March 22, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

Respondent has been a member of appellant and has paid his monthly dues regularly since 1937, the year of its organization. Over eighty years of age, he recently became totally and permanently disabled according to the finding of a physician selected by appellant and there is no dispute as to his physical condition and that he is entitled to disability benefits in accord with the judgment of the Circuit Court, if his duties brought him within the definition of the law, Section 3811-8 of the Code of 1942, as follows: "Peace officers, as the term is used in this article, means all peace officers of the State of South Carolina or subdivisions thereof, who receive their salaries from the State of South Carolina or any of its political subdivisions and

who are required by the terms of their employment, whether by election or appointment, to give their time to the preservation of public order, the protection of life and property, and the detection of crime in the State of South Carolina."

The facts established by the evidence now referred to are undisputed. Respondent was commissioned as a deputy of the sheriff of Greenwood County in 1921, and upon that sheriff's death in 1940 was recommissioned as a deputy by the successor sheriff on January 1, 1941, which latter commission is still of force. He and a fellow-deputy sheriff testified (the sheriff was out of the State at the time of the trial) that he had and performed the usual duties of such office, made arrests for violations of the criminal law, accompanied other officers on raids upon liquor stills, served civil and criminal process, reported regularly to the sheriff each morning and did whatever he was instructed to do, serving regularly in attendance as a deputy upon the criminal Courts. For these services he was not paid a salary from public funds during the last six months of his activity, but was paid for specific services and also received compensation of an average of something over sixty dollars a month, being paid a per diem of five dollars per work day, for his services assisting in the collection of delinquent taxes, for the responsibility of which another deputy sheriff was charged and respondent performed these duties under his supervision.

In the latter capacity he was called a "Field Man" and so designated by the county legislative delegation in its written appointment of him to these duties, wherein the per diem was fixed and provision made for payment thereof monthly by the county.

This classification and compensation of respondent as "Field Man" for the "First Deputy Sheriff Tax Collector" (See Greenwood County Supply Act for 1941, 42 St. at Large, page 986) are urged by appellant to remove respondent from the pale of the law creating the annuity

fund. But the contention overlooks the unquestioned fact that respondent was a deputy of the sheriff of Greenwood County and according to the undisputed evidence performed the usual duties of that office, so in fact and truth was undoubtedly a "peace officer." The proposition is too plain to require the citation of decisions or other authority to sustain the definition.

The Circuit Judge correctly determined that the question suggested by appellant, that the claim proposed the payment of benefits for the disablement of a tax collector, was not made by the case. Respondent was clearly a peace officer without regard to the duties performed by him in the collection of delinquent taxes, and affirmance of the judgment below is necessary on account of that consideration without dealing with the now speculative query suggested.

Affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.